IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARTIN MARCUS, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ASTRAZENECA PLC, et al., )<br><br>Defendants. ) | Civil Action No. 05-81-GMS<br><br><u>CLASS ACTION</u> |

MEMORANDUM OF LAW IN SUPPORT OF THE STATE UNIVERSITIES
RETIREMENT SYSTEM OF ILLINOIS' MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD
AND LIAISON COUNSEL

BOUCHARD MARGULES & FRIEDLANDER, P.A.
Joel Friedlander (No. 3163)
  [jfriedlander@bmf-law.com]
Karen L. Pascale (No. 2903)
  [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel: 302-573-3500
Fax: 302-573-3501

*Attorneys for Movant, State Universities Retirement System of Illinois
(Proposed Liaison Counsel)*

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
William S. Lerach
Laura M. Andracchio
Udoka Nwanna
401 B Street, Suite 1600
San Diego, CA 92101
Tel: 619-231-1058
Fax: 619-231-7423

*Attorneys for Movant, State Universities Retirement System of Illinois
(Proposed Lead Counsel for Plaintiffs)*

Dated: March 28, 2005

State Universities Retirement System of Illinois respectfully submits this Memorandum of Law in support of its Motion for appointment as lead plaintiff and for approval of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel and Bouchard Margules & Friedlander ("Bouchard Margules") as liaison counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## I.   INTRODUCTION

Presently pending in this District is a class action lawsuit[1] (the "Action") on behalf of persons who purchased or otherwise acquired AstraZeneca PLC ("AstraZeneca") publicly-traded securities, including investors who purchased or acquired AstraZeneca securities on foreign markets and/or who purchased AstraZeneca's American Depositary Receipts ("ADRs") during the period between April 2, 2003 and October 11, 2004 ("Class Period"). This Action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Exchange Act, as amended by the PSLRA, first instructs the Court to consolidate the related actions pending in this District before appointing a lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after consolidation, the Court is instructed to appoint as lead plaintiff the person or "group of persons" with the largest financial interest in the relief sought in this litigation that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B). Here, State Universities

---

[1]   Concurrent with the filing of this motion, movant is filing a similar motion in the Southern District of New York and District of Massachusetts, where three total actions alleging the same violations of the federal securities laws are pending.

Retirement System of Illinois should be appointed lead plaintiff because it purchased 154,400 shares of AstraZeneca stock, lost approximately $1.2 million in connection therewith and otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Greebel v. FTP Software*, 939 F. Supp. 57, 64-65 (D. Mass. 1996) (appointing movant with the largest loss as lead plaintiff); *see also* Affidavit of Joel Friedlander in Support of the State Universities Retirement System of Illinois' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Friedlander Aff."), Ex. A.

In addition, State Universities Retirement System of Illinois' selection of Lerach Coughlin to serve as Lead Counsel and Bouchard Margules to serve as Liaison Counsel should be approved because Lerach Coughlin and Bouchard Margules have extensive experience in the prosecution of securities class actions such as this and will vigorously represent the interests of the class. *See* Friedlander Aff., Exs. D & E.

## II.     STATEMENT OF FACTS

AstraZeneca is a pharmaceutical research company specializing in research and development of drugs to treat cardiovascular, gastrointestinal, neuroscience, oncology, respiratory and inflammation and infection disorders.

The complaint charges AstraZeneca and certain of its officers and directors with violations of the Securities Exchange Act of 1934. The Complaint alleges that, throughout the Class Period, defendants issued numerous materially false and misleading statements concerning the results of the clinical trials of the Company's investigational oral anticoagulant Exanta, and the status and likelihood of the approval of the New Drug Application for Exanta. These statements caused the Company's stock/ADR prices to rise until September 9, 2004, when staffers at the U.S. Food & Drug Administration ("FDA")

posted briefing documents on the FDA's website which raised previously unheard-of problems with Exanta.

Then, on October 11, 2004, the Company issued a press release stating, in relevant part, that they received an Action Letter from the FDA for Exanta. The release stated that "the US Food and Drug Administration (FDA) did not grant approval for the investigational oral anticoagulant EXANTA® (ximelagatran)."

On news of the conclusion reached in the FDA's action letter, the Company's stock price declined to $38 per share, erasing millions of dollars in market capitalization from the Class Period high of $51.20 per share reached on March 9, 2004 on the New York Stock Exchange, GBP 2,894 per share reached on October 28, 2003 on the London Stock Exchange, and SEK 380.50 per share reached on October 29, 2003 on the Stockholm exchange.

## III.   ARGUMENT

### A.   State Universities Retirement System of Illinois Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of lead plaintiff in private actions arising under the Exchange Act that are brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§78u-4, *et seq.*

***First***, the plaintiff who files the initial action must publish notice within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.[2] 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of notice, any

---

[2] Notice was properly published within 20 days of the first-filed action in *Business Wire* on January 27, 2005. *See* Friedlander Aff., Ex. C. The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire

person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. §78u-4(a)(3)(A)-(B).

*Second*, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). Third, in determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice ...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B. State Universities Retirement System of Illinois Satisfies All Three of the PSLRA's Lead Plaintiff Requirements

#### 1. State Universities Retirement System of Illinois Has Timely Moved for Appointment as Lead Plaintiff

All putative class members seeking to be appointed lead plaintiff in this matter must move for that designation by March 28, 2005. 15 U.S.C. §78u-4(a)(3)(A). Here, pursuant to the PSLRA's 60-day filing requirement, State Universities Retirement System of Illinois hereby timely moves this Court to be appointed Lead Plaintiff, and has also duly signed and

---

service.'" *Greebel*, 939 F. Supp. at 62, 64. (Unless otherwise noted, all emphasis is added and citations are omitted.)

filed a certification stating its willingness to serve as the representative party on behalf of the class. *See* Friedlander Aff., Ex. B.

### 2. State Universities Retirement System of Illinois Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, State Universities Retirement System of Illinois suffered losses of approximately $1.2 million based on its purchase of approximately 154,400 shares of AstraZeneca stock at a cost of over $7.3 million. *See* Friedlander Aff., Exs. A-B. Upon information and belief, State Universities Retirement System of Illinois' financial interest in this matter is the largest of any competing lead plaintiff movant. *See* 15 U.S.C. §78u-(a)(3)(B)(iii)(I).

### 3. State Universities Retirement System of Illinois Otherwise Satisfies Rule 23

Under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a motion for class certification motion is filed.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'").

State Universities Retirement System of Illinois satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased AstraZeneca securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. *See Priest*, 118 F.R.D. at 555.

Under Rule 23(a)(4) the representative party must also "'fairly and adequately protect the interests of the class.'" *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Here, State Universities Retirement System of Illinois is an adequate representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with those of the class. *See id.* Further, there is no antagonism between State Universities Retirement System of Illinois' interests and those of the class generally. *Id.* Thus, State Universities Retirement System of Illinois *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.     State Universities Retirement System of Illinois' Selection of Lead Counsel Should be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. State Universities Retirement System of Illinois has selected Lerach Coughlin to serve as Lead

Counsel and Bouchard Margules to serve as Liaison Counsel. Lerach Coughlin possesses extensive experience litigating securities class actions, has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002).

## IV. CONCLUSION

For all the foregoing reasons, State Universities Retirement System of Illinois respectfully requests that the Court: (1) appoint it as lead plaintiff in the Action; and (2) approve its selection of Lerach Coughlin to serve as lead counsel and Bouchard Margules as liaison counsel for the class.

Dated: March 28, 2005          /s/ Karen L. Pascale
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Joel Friedlander (#3163) [jfriedlander@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500

*Attorneys for Movant, State Universities Retirement System of Illinois (Proposed Liaison Counsel)*

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
William S. Lerach
Laura M. Andracchio
Udoka Nwanna
401 B Street, Suite 1600
San Diego, CA 92101
Tel: 619-231-1058
Fax: 619-231-7423

*Attorneys for Movant, State Universities Retirement System of Illinois (Proposed Lead Counsel for Plaintiffs)*

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, hereby certify that on March 28, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing document – *Memorandum of Law in Support of the State Universities Retirement System of Illinois' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel* – with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Seth D. Rigrodsky
> MILBERG WEISS BERSHAD & SCHULMAN LLP
> 919 North Market Street, Suite 411
> Wilmington, DE 19801
> Tel: (302) 984-0597
> [srigrodsky@milbergweiss.com]

I further certify that on March 28, 2005, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that I caused a copy to be served on the following non-registered participants on the date and in the manner indicated:

*By Mail on March 29, 2005*

| | |
|---|---|
| Michael P. Carroll | Nadeem Faruqi |
| Joel M. Cohen | FARUQI & FARUQI, LLP |
| Patrick J. Murray | 320 East 39th Street, 3rd Floor |
| DAVIS POLK & WARDWELL | New York, NY 10016 |
| 450 Lexington Avenue | Tel: 212-983-9330 |
| New York, NY 10017 | Fax: 212-983-9331 |
| Tel: 212-450-4000 | |
| Fax: 212-450-3800 | Steven G. Schulman |
| | Peter E. Seidman |
| John D. Donovan, Jr. | Sharon M. Lee |
| Gabriel D. O'Malley | MILBERG WEISS BERSHAD & SCHULMAN LLP |
| ROPES & GRAY LLP | One Pennsylvania Plaza |
| One International Place | New York, NY 10119 |
| Boston, MA 02110-2624 | Tel: 212-594-5300 |
| Tel: 617-951-7000 | Fax: 212-868-1229 |
| Fax: 617-951-7050 | |

> /s/ Karen L. Pascale
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Joel Friedlander (#3163) [jfriedlander@bmf-law.com]
> Karen L. Pascale (#2903) [kpascale@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
> *Attorneys for Movant,*
> *State Universities Retirement System of Illinois*