## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- X

MARTIN MARCUS, Individually And On
Behalf Of All Others Similarly Situated,

               Plaintiff,

          vs.

ASTRAZENECA, PLC, TOM MCKILLOP,
JONATHAN SYMONDS, HAKEN MOGREN,
and PERCY BARNEVIK,

               Defendants.

------------------------------------------------------------- X

Civil Action No. 05-081 (GMS)

 

## DECLARATION OF AARON L. BRODY IN SUPPORT OF THE MOTION
## OF THE FOSTER GROUP FOR APPOINTMENT AS LEAD
## PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

I, Aaron L. Brody, hereby declare:

1.     I am an attorney at the law firm of Stull, Stull & Brody. I submit this Declaration in support of the motion of the Foster Group for appointment as Lead Plaintiff and approval of their selection of Lead Counsel.

2.     Attached hereto as Exhibit A is a true and correct copy of the notice published over Business Wire on January 27, 2005.

3.     Attached hereto as Exhibit B are true and correct copies of the plaintiffs' certifications executed by the Foster Group, demonstrating their class standing and requisite financial interest in the outcome of the litigation.

4.     Attached hereto as Exhibit C is a chart summarizing the transactions of the Foster Group in AstraZeneca ADRs during the Class Period.

5.     Attached hereto as Exhibit D is a true and correct copy of Stull, Stull & Brody's firm résumé.

5.     Attached hereto as Exhibit E is a true and correct copy of Rosenthal, Monhait, Gross & Goddess, P.A.'s firm résumé.

Executed on this 28th day of March, 2005.

_____
Aaron L. Brody

1

# EXHIBIT A

Business Wire January 27, 2005 Thursday

Copyright 2005 Business Wire, Inc.
Business Wire

January 27, 2005 Thursday  9:48 PM GMT

**DISTRIBUTION:** Business Editors; Legal Writers

**LENGTH:** 667 words

**HEADLINE:** Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against AstraZeneca PLC

**DATELINE:** NEW YORK Jan. 27, 2005

**BODY:**

Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") (http://www.lerachlaw.com/cases/astrazeneca/) today announced that a class action lawsuit has been commenced in the United States District Court for the District of Massachusetts on behalf of purchasers of AstraZeneca PLC ("AstraZeneca") (NYSE:AZN) publicly-traded securities, including investors who purchased or acquired AstraZeneca securities on foreign markets and/or who purchased AstraZeneca's American Depositary Receipts ("ADRs") during the period between April 2, 2003 and October 11, 2004 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Samuel H. Rudman or David A. Rosenfeld of Lerach Coughlin at 800/449-4900 or 619/231-1058 or via e-mail at wsl@lerachlaw.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.lerachlaw.com/cases/astrazeneca/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges AstraZeneca and certain of its officers and directors with violations of the Securities Exchange Act of 1934. AstraZeneca is a pharmaceutical research company specializing in research and development of drugs to treat cardiovascular, gastrointestinal, neuroscience, oncology, respiratory and inflammation and infection disorders.

The Complaint alleges that, throughout the Class Period, defendants issued numerous materially false and misleading statements concerning the results of the clinical trials of the Company's investigational oral anticoagulant Exanta, and the status and likelihood of the approval of the New Drug Application for Exanta. These statements caused the Company's stock/ADR prices to rise until September 9, 2004, when staffers at the U.S. Food & Drug Administration ("FDA") posted briefing documents on the FDA's website which raised previously unheard-of problems with Exanta. Then, on October 11, 2004 the Company issued a press release stating, in relevant part, that they received an Action Letter from the FDA for Exanta. The release stated that "the US Food and Drug Administration (FDA) did not grant approval for the investigational oral anticoagulant EXANTA(R) (ximelagatran)." On news of the conclusion reached in the FDA's action letter, the Company's stock price declined to $38 per share, erasing millions of dollars in market capitalization from the Class Period high of $51.20 per share reached on March 9, 2004 on the NYSE, GBP 2,894 per share reached on October 28, 2003 on the London Stock Exchange, and SEK 380.50 per share reached on October 29, 2003 on the Stockholm exchange.

Plaintiff seeks to recover damages on behalf of all purchasers of AstraZeneca publicly-traded securities during the Class Period (the "Class"). The plaintiff is represented by Lerach Coughlin, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Lerach Coughlin, a 140-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded

Business Wire January 27, 2005 Thursday

investors, consumers, and companies, as well as victims of human rights violations. Lerach Coughlin lawyers have been responsible for more than $20 billion in aggregate recoveries. The Lerach Coughlin Web site (http://www.lerachlaw.com) has more information about the firm.

CONTACT: Lerach Coughlin Stoia Geller Rudman & Robbins LLP William Lerach, 800-449-4900 Samuel H. Rudman David A. Rosenfeld wsl@lerachlaw.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** January 28, 2005

# EXHIBIT B

## PLAINTIFF CERTIFICATION

_Robert W. Foster_ ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.    Plaintiff did not purchase any common stock/securities of **AstraZeneca, PLC** at the direction of his/her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    The following includes all of Plaintiff's transactions in **AstraZeneca, PLC** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| AstraZeneca PLC | 4/28/2004 | 4/28/2004 | 46.71 | 700 |
| | | | | |
| | | | | |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this ___19th___ day of ___March___, 2005.

_Robert W. Foster_
Signature

## PLAINTIFF CERTIFICATION

R. E. Humphrey ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.    Plaintiff did not purchase any common stock/securities of **AstraZeneca, PLC** at the direction of his/her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    The following includes all of Plaintiff's transactions in **AstraZeneca, PLC** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Common Stock | Purchase | 2/11/04 | 51.31 | 100 |
| Common Stock | Sale | 12/7/04 | 39.74 | 101 |
| | | | | |
| | | | | |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this ___20___ day of ___MARCH___, 2005.

_____
Signature

## PLAINTIFF CERTIFICATION

_BRUCE ELLIOTT_ ("Plaintiff") hereby states that:

1.     Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.     Plaintiff did not purchase any common stock/securities of **AstraZeneca, PLC** at the direction of his/her counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.     The following includes all of Plaintiff's transactions in **AstraZeneca, PLC** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| ASTRAZENECA | PURCHASE | 6-8-04 | 48.33 | 100 |
| | | | | |
| | | | | |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.     Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this ___16___ day of ___MARCH___, 2005.

_____
Signature

## PLAINTIFF CERTIFICATION

_Roberta W. Ktoein_ ("Plaintiff") hereby states that:

1.     Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.     Plaintiff did not purchase any common stock/securities of **AstraZeneca, PLC** at the direction of his/her counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.     The following includes all of Plaintiff's transactions in **AstraZeneca, PLC** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| AstraZenecaPlc | Purchase | 6-09-04 | 47.77 | 100 |
| | | | | |
| | | | | |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.     Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this ___16___ day of __MARch__, 2005.

_Roberta Whitorin_
Signature

## PLAINTIFF CERTIFICATION

_Robert Glen Reinhart_ ("Plaintiff") hereby states that:

1.      Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.      Plaintiff did not purchase any common stock/securities of **AstraZeneca, PLC** at the direction of his/her counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.      The following includes all of Plaintiff's transactions in **AstraZeneca, PLC** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase/Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| AZK | 4/14 75 | 12-9-02 | 46 2 | 100 |
| | | | | |
| | | | | |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.      Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _17_ day of _March_, 2005.

_Robert Glen Reinhart_
                          Signature

## PLAINTIFF CERTIFICATION

*Ray Washam, Jr* ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.    Plaintiff did not purchase any common stock/securities of **AstraZeneca, PLC** at the direction of his/her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    The following includes all of Plaintiff's transactions in **AstraZeneca, PLC** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Common Stock | 8/12/04 | Still have | Paid $44.00 | 200 Shares |
| Common Stock | 6/6/03 | 1/20/04 | Paid 44.98 Sold for 47.32 | 100 Shares |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _17th_ day of _March_, 2005.

_____
Signature

## PLAINTIFF CERTIFICATION

_Danny Richards_ ("Plaintiff") hereby states that:

1.     Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.     Plaintiff did not purchase any common stock/securities of **AstraZeneca, PLC** at the direction of his/her counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.     The following includes all of Plaintiff's transactions in **AstraZeneca, PLC** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Common Stock | Purchase | June 2004 | 47.50 | 100 |
|  |  |  |  |  |
|  |  |  |  |  |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.     Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this ___19___ day of ___March___, 2005.

_Danny W Richard TTEE_
Signature

# EXHIBIT C

# AstraZeneca, Inc.

Movants' Register and Transaction Report

Page 1 of 2

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) | Total Gain (Loss) |
|---|---|---|---|---|---|---|---|---|---|---|
| Foster, Robert W. | 4/28/2004 | 700 | $46.71 | $32,697.00 | | | | | ($4,951.56) | ($4,951.56) |
| Humphrey, Roy E. | 2/11/2004 | 100 | $51.31 | $5,131.00 | 12/7/2004 | 100 | $39.74 | $3,974.00 | ($1,157.00) | ($1,157.00) |
| Elliott, Bruce | 6/8/2004 | 100 | $48.33 | $4,833.00 | | | | | ($869.37) | ($869.37) |
| Wiktorin, Roberta R. | 6/9/2004 | 100 | $47.77 | $4,777.00 | | | | | ($813.37) | ($813.37) |
| Reinhart, Robert Glen | 12/9/2003 | 100 | $46.10 | $4,610.00 | | | | | ($646.37) | ($646.37) |
| Washam, Ray Jr. | 6/6/2003 | 100 | $44.98 | $4,498.00 | 1/20/2004 | 100 | $47.32 | $4,732.00 | $234.00 | ($638.73) |
| | 8/12/2004 | 200 | $44.00 | $8,800.00 | | | | | ($872.73) | |
| Richards, Danny | June 2004 | 100 | $47.50 | $4,750.00 | | | | | ($786.37) | ($786.37) |
| **TOTALS:** | | **1,500** | | **$70,096.00** | | **200** | | **$8,706.00** | **($786.37)** | **($9,862.75)** |

# AstraZeneca, Inc.

**Movants' Register and Transaction Report**

**Page 2 of 2**

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) | Total Gain (Loss) |
|---|---|---|---|---|---|---|---|---|---|---|

**Explanatory notes**

The total estimated damages of each Proposed Lead Plaintiff has been calculated in the following manner:

1)  Common stock sold within the Class Period:
    Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2)  Common stock still held:
    Purchase price of AstraZeneca shares still held minus the mean trading price of AstraZeneca shares between October 12, 2004 and January 10, 2005 ($39.636349) multiplied by the number of shares held.

3)  Common stock sold after the Class Period:
    For shareholders who sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4)  All losses have been calculated exclusive of costs, commissions and fees.

# EXHIBIT D

# STULL, STULL & BRODY
### ATTORNEYS AT LAW

6 EAST 45TH STREET
SUITE 500
NEW YORK, NY 10017
TELEPHONE: (212) 687-7230
FACSIMILE: (212) 490-2022

10940 WILSHIRE BOULEVARD
SUITE 2300
LOS ANGELES, CA 90024
TELEPHONE: (310) 209-2468
FACSIMILE: (310) 209-2087

## BRIEF BIOGRAPHY OF STULL, STULL & BRODY

Over the past 30 years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in securities class actions. Stull, Stull & Brody has litigated hundreds of securities cases obtaining nearly a billion dollars in settlements for aggrieved shareholders. Stull, Stull & Brody has also represented claimants in numerous class actions alleging violations of ERISA. With 18 attorneys and a full complement of secretarial and administrative personnel, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation. Our lawyers possess outstanding credentials and have repeatedly been acknowledged for their achievements.

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> [T]his is one of the largest, if not the largest, securities fraud settlements in this district. The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency investigation and so prosecuted the case without assistance. . . . The management of the case was also of extremely high quality. . . . [C]lass counsel is of high caliber and has extensive experience in similar class action litigation. Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . . The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a

timely manner even when under tight deadlines. *In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession. They are the top of the line. *In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. September 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions. The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement. *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved." *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys [sic] as a result of certain things which occurred during the course of the operation of this corporation which perhaps should not have occurred. *Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation. The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation. *Stull v. Baker*, 410 F.Supp. 1326, 1332 (S.D.N.Y. 1976).

Stull, Stull & Brody's expertise in the field of securities litigation has also been recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v. Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.); *Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981, Fox, J.); *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452

(ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.);

Koenig v. Kenneally, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979,

Sand, J.); In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation, MDL No. 347

(Order, July 24, 1979, Higginbotham, J.); Wietschner v. McCulloch, CV 78-4036-RMT

(C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); Fruchthandler v. LTV Corp., 77C 1879

(E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); Lewis v. Adikes, 76 F.R.D. 68 (E.D.N.Y.

1977); Lewis v. Black, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,738 (E.D.N.Y.

1976) (Mishler, C.J.); Fruchthandler v. Blakely, 73 F.R.D. 318 (S.D.N.Y. 1976).

## SEMINAL CASES

Throughout its 30 year history, Stull, Stull & Brody has been involved with a

number of seminal cases that have significantly affected the landscape of securities

litigation.

- ♦   In Rand v. Monsanto Company, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation requirement.

- ♦   In Small v. Fritz Companies Inc., 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation. The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

- ♦   In Lewis v. Black, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

- ♦   In In re Cabletron Systems, Inc. Securities Litigation, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act. This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

- ♦   In In re Frontier Group Insurance Litigation, Master File No. 94 Civ. 5213

  (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

-  In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988) the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

-  The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981).

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering nearly a billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

-  *In re BankAmerica Corp. Securities Litigation*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

-  *In re Geodyne Resources, Inc. Securities Litigation* (Harris County Tex.) (recovery of $200 million)

-  *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

-  *In re Ikon Office Solutions, Inc. Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000) (recovery of $111 million)

-  *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

-  *In re Salomon Brothers Treasury Litigation*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

-  *In re Westinghouse Securities Litigation*, Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

-  *In re Tenneco Inc. Securities Litigation*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

-  *In re Thomas & Betts Securities Litigation*, Case No. 00-2127 (W.D. Tenn. 2002) (recovery of $46.5 million)

-  *In re Apria Healthcare Group Securities Litigation*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- *In re Cannon Group Securities Litigation*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- *In re: Northeast Utilities Securities Litigation*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- *Lasky v. Brown (United Companies Financial Corporation) Securities Litigation*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

- *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

- *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- *In re C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW) (D.N.J. 1991) (recovery of $17.9 million)

- *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

- *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

- *In re Elscint Securities Litigation*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

- *In re National Medical Enterprises Securities Litigation II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

- *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

- *In re Cybermedia, Inc. Securities Litigation*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

- *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

- *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

- *In re U.S.A. Detergent Securities Litigation*, 97-CV-2459 (D.N.J. 1999)

(recovery of $10 million)

- *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

- *In re Nice Systems, Ltd. Securities Litigation*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million, subject to court approval)

- *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

- *In re Beverly Enterprises, Inc. Securities Litigation*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

- *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

- *In re Stratosphere Securities Litigation*, Master File No. CV-S-96-00708-PMP (RLH) (D. Nev.) (recovery of $9 million)

- *In re Steven Madden Ltd. Securities Litigation*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million, subject to court approval)

- *In re Gibraltar Financial Corporation Securities Litigation*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

- *In re FHP Securities Litigation*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

- *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

- *In re Orion Pictures Corp. Securities Litigation*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y. 1992) (recovery of $8 million)

- *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

- *In re Triton Energy Corporation Securities Litigation*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

- *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

- *In re Dime Savings Bank of New York Securities Litigation*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

- *In re Western Digital Securities Litigation*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- *In re Bank of New England Corporation Class Action and Shareholder Liti-*

*gations*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

- *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

- *In re Ziff-Davis, Inc. Securities Litigation*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

- *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial District, Harris County, Texas (recovery of $6 million)

- *In re Ascend Communications Securities Litigation*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

- *In re Brightpoint, Inc. Securities Litigation*, Case No.  IP 01 1796 C-T/K (recovery of $5.25 million)

- *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of $5 million)

- *In re SouthEast Banking Corp. Securities Litigation*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

- *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

- *In re Sunglass Hut Intl., Inc. Securities Litigation*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

- *In re Fidelity Holdings Securities Litigation*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

- *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

- *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

- *In re HMO America Securities Litigation*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

- *In re Nanophase Technologies Corporation Securities Litigation*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

- *In re Quintex Securities Litigation*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

- *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

- *In re iTurf Inc. Shareholders Litigation*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

- *In re Kay Jewelers Securities Litigation*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

- *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

- *In re Spectrian Corp. Securities Litigation*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Securities Litigation*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

- *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

- *McBride v. Vision Twenty-One, Inc.*, Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

- *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

Stull, Stull & Brody is presently serving as plaintiffs' lead or co-lead counsel in a number of pending actions in various district courts, including:

<u>          Securities Class Action Cases</u>

- *Unger v. Amedisys, Inc., et al.*, Case No. 01-703 (JJB) (M.D. La.)

- *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill.)

- *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y.)

- *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I.)

- *Sharon Bobbitt v. Andrew J. Filiposki, et al.*, No. 03 C 3599 (N.D. Ill.)

- *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.)

- *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca.)

- *Dan Gavish, et al. v. Revlon, Inc., et al.*, Case No. 00 Civ. 7291 (SHS)

(S.D.N.Y.)

- *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca.)

- *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill.)

- *In re Light Management Group, Inc. Sec. Litig.*, Civil Action No. 02-CV-3345(RO) (S.D.N.Y.)

- *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn.)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (for Securities Act of 1933 claims)

- *Frank Pringle v. Merck & Co., Inc., et al.*, Civil Action No. 03-3125 c/w 04-0147, 04-022 & 04-406 (E.D. La.)

- *In re Rhythms Sec. Litig.*, Civil Action No. 02-K-35 (GCL) (D. Co.)

- *Allain Roy, et al. v. Stephen I. Kahn, et al.*, Case No. 99 Civ. 3951 (JES) (S.D.N.Y.)

- *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C.)

- *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Ct.)

ERISA Class Action Cases

- *In re AEP ERISA Litigation*, Master File No. C2-03-67 (S.D. Ohio)

- *In re AOL Time Warner ERISA Litigation*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y.)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (N.D. Ill.)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J.)

- *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (N.D. Ill.)

- *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan.)

- *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.)

Stull, Stull & Brody's advocacy in these and other ERISA class actions, which have

9

been brought on behalf of 401(k) retirement plan participants and beneficiaries, has also yielded new law in the ERISA field. For example, in the *Lucent* ERISA litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company. Stull, Stull & Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues. The District Court ultimately ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

## ATTORNEYS

Stull, Stull & Brody maintains offices in both New York and Los Angeles. The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

## NEW YORK

*Jules Brody* is a graduate of Brooklyn College, *magna cum laude*, and received his L.L.B. from the New York University School of Law in 1964. Mr. Brody made the Dean's List and was an editor of the Law Review. Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964. At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class. He was admitted to the New York State Bar in 1964. Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967. Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

*Edwin J. Mills* is Of Counsel to Stull, Stull & Brody. He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977. Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978. He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States. He is experienced in

all aspects of securities class action litigation, including settlement negotiation and trial. Mr. Mills is also active in several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving Lucent Technologies, Household International, Tyco International, Conseco, American Electric Power and Sears.

*Mark Levine* is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981. He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts. He has participated in the litigation of securities class actions throughout the United States.

*Howard T. Longman* received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982. Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Patrick K. Slyne* received his J.D. from the University of Wyoming in 1988. He is a member of the Colorado, Connecticut and Wyoming state bars.

*Melissa R. Emert* received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988. Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Caroline V. Camhy*, an associate with the firm, received her undergraduate degree from New York University, Class of 1989, and received her J.D. from Touro College Jacob D. Fuchsberg Law Center in 1994. Ms. Camhy was admitted to the New York State Bar in 1995.

*Aaron L. Brody* received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995. At NYU, Mr. Brody concentrated on securities law and was a staff editor on the *Review of Law and Social Change*. Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Tzivia Brody* received her undergraduate degree from Stern College, *magna cum laude*, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995. Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Theodore A. Bechtold* received his undergraduate degree from Fordham University, Class of 1986, and his J.D. from Brooklyn Law School in 1995. Mr. Bechtold is a member of the New York and Connecticut State Bars and is admitted to practice before the Southern and Eastern Districts of New York.

11

*Jason D'Agnenica* received his undergraduate degree from Providence College, Class of 1995, and his J.D. from St. John's University School of Law in 1998. Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*Nathan G. Lamm* received his undergraduate degree from Yeshiva University, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Lamm is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

*Menashe Y. Shapiro* received his undergraduate degree from Yeshiva University, *cum laude*, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Shapiro is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*Bradley Dyer* received his undergraduate degree from Lafayette College, Class of 1999, and his J.D. from Fordham University School of Law in 2002. Mr. Dyer is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

*Michael J. Klein* received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars.

## LOS ANGELES OFFICE

*Patrice L. Bishop* received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994. Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.

*Timothy J. Burke* graduated *magna cum laude* from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995. Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.

*Michelle M. Furukawa* graduated with highest honors in economics from the University of California, Berkeley and received her J.D. from the University of California, Los Angeles. While at UCLA, Ms. Furukawa externed for the Honorable Sheri Bluebond, U.S. Bankruptcy Court, and was Editor-in-Chief of the UCLA Asian Pacific American Law Journal. Ms. Furukawa is a member of the California State Bar and active with the Japanese American Bar Association.

# EXHIBIT E

# RESUME OF
## ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.

Rosenthal, Monhait, Gross & Goddess, P.A. devotes a substantial portion of its practice to the representation of stockholders in derivative and class actions, primarily in Delaware courts. Illustrative of the cases in which the firm has participated are the following:

(1)    In Re The Walt Disney Company Derivative Litigation, Del. Ch., Cons. C.A. No. 15452. The firm has been Delaware counsel to the plaintiffs in this derivative litigation challenging the employment agreement of and termination payments to a former senior executive. The case has generated three reported decisions to date (805 A.2d 275 (Del. Ch. 2003); 746 A.2d 244 (De. 2000), and 731 A.2d 342 (Del. Ch. 1998)), and three months of trial from October 2003 through January 2005, in which the firm actively participated. Post-trial briefing is currently ongoing.

(2)    In Re NCS Healthcare Inc. Shareholders Litigation, Del. Ch., Cons. C.A. No. 19786 (2003). The firm served as Delaware counsel to shareholders of NCS Healthcare Inc. who asserted that the board of directors of NCS, which had entered into an agreement to be acquired by Genesis Health Ventures Inc., failed to respond appropriately to a competing bid from Omnicare Inc. After the Court of Chancery denied a preliminary injunction, the Delaware Supreme Court reversed and directed the Court of Chancery to enter an order preliminarily enjoining consummation of the Genesis merger agreement. A bidding contest resulted in which Omnicare eventually acquired NCS for consideration valued, in the aggregate, at more than $100 million more than the proposed Genesis merger.

(3)    In Re InaCom Corp. Securities Litigation, D. Del., C.A. No. 00-701 (JJF) (2003). The firm served as liaison counsel in a class action asserting federal securities law claims on behalf of open market purchasers of the defendant corporation's stock. The action was settled with a recovery of approximately $15.9 million for the benefit of class members.

(4)    In Re M&F Worldwide Corp. Shareholders Litigation, Del. Ch., Cons. C.A. No. 18502 (2002). The firm served as Delaware counsel to shareholders who challenged a corporate asset acquisition. During trial, defendants agreed to a settlement which required rescission of the transaction. The Court of Chancery placed the value of that benefit at more than $75 million.

(5)    In Re Seagate Technology, Inc. Shareholders Litigation, Del. Ch., C.A. No. 17932 (2001). The firm participated in the representation of shareholders who challenged a combined asset sale/merger transaction. A settlement approved by the Court of Chancery provided monetary benefits worth more than $112 million to the shareholder class.

(6)    Sanders v. Wang, Del. Ch., C.A. No. 16640, Steele, V.C. (Nov. 8, 1999). The firm participated in the representation of stockholders who, in a derivative action, obtained a judgment on the pleadings requiring corporate officers to return 9.5 million shares of improperly issued stock, worth more than $450 million. While an appeal was being briefed, the parties agreed to a settlement which required defendants to return 4.5 million shares to the company.

(7)    In Re Ascent Entertainment Group, Inc. Shareholders Litigation, Del. Ch., C.A. No. 17201. The firm participated in the representation of shareholders who challenged an asset sale; a settlement provided for a new sale process which produced more than $40 million in additional value.

(8)    In Re Amdahl Corporation Shareholders Litigation, Del. Ch., C.A. No. 15833 (1997). The firm served as Delaware liaison counsel in a class action challenging a majority

2

shareholder's acquisition of the minority interest in Amdahl Corporation. The action was settled with a recovery of more than $28 million for shareholders.

(9)    In Re Autotote Corporation Securities Litigation, D. Del., C.A. No. 95-63(MMS). The firm was Co-Liaison Counsel in a class action asserting federal securities law claims on behalf of open market purchasers of the defendant corporation's stock. The action was settled with a recovery worth more than $10 million to class members.

(10)    In Re Lin Broadcasting Corporation Shareholders Litigation, Del. Ch., C.A. No. 14039 (1995). The firm participated in the representation of shareholders who challenged an acquisition transaction. As a result of a settlement of the litigation, Lin's public shareholders received additional consideration worth more than $55 million in the transaction as implemented.

(11)    Paramount Communications, Inc. v. QVC Network, Inc., 637 A.2d 34 (Del. Supr. 1993). The firm participated in the representation of stockholders who obtained a preliminary injunction against a tender offer for stock of Paramount Communications, Inc.

(12)    Prezant v. DeAngelis, 636 A.2d 915 (Del. Supr. 1994). The firm represented investors who successfully objected to a proposed settlement of a securities litigation.

(13)    Heineman v. Datapoint Corporation, 611 A.2d 950 (Del. Supr. 1992). The firm was one of two principal counsel for a stockholder who prosecuted derivative claims for self-dealing and waste against corporate directors, and secured a settlement valued in excess of $3 million.

(14)    In Re Brooke Group Ltd. Litigation, Del. Ch., Cons. C.A. No. 11838. The firm served as co-lead counsel in a class action suit brought on behalf of stockholders of Brooke Group Ltd. concerning a corporate reorganization. In a settlement approved by the Delaware Court

3

of Chancery in 1992, the case resulted in improvements valued in excess of $5 million to the terms of a complex security issued in the transaction.

(15)    *Deutsch v. Cogan*, 580 A.2d 100 (Del. Ch. 1990).  The firm served as co-counsel in a class action lawsuit brought on behalf of stockholders  cashed out of their investment in Knoll International, Inc. by a tender offer and merger transaction.  In a settlement the Court approved in November 1993, defendants agreed to pay $3.2 million for the benefit of the affected shareholders.

(16)    *Hynson v. Drummond Coal Company, Inc.*, 601 A.2d 570 (Del. Ch. 1991). The firm served as co-counsel in a class action suit brought on behalf of former stockholders of Alabama By-Products Corporation cashed out of their investment by a tender offer and merger transaction. A recovery of $5,000,000 was obtained in a settlement approved by Chancellor William T. Allen in 1990.

(17)    *Mills Acquisition Co. v. MacMillan, Inc.*, 559 A.2d 1261 (Del. Supr. 1988); *Robert M. Bass Group, Inc. v. Evans*, 552 A.2d 1227 (Del. Ch. 1988).  The firm participated in the representation of shareholders opposed to a corporate restructuring intended to thwart a proposal for acquisition of the company.

(18)    *Joseph v. Shell Oil Company*, C.A. No. 7450 (Del. Ch.).  The firm participated in the litigation of a class action suit brought on behalf of stockholders of Shell Oil Company concerning a cash-out merger proposal. After plaintiffs secured a preliminary injunction (482 A.2d 335 (Del. Ch. 1984)) and prepared the case for trial, a recovery of $150,000,000 was obtained in a settlement approved by the Court of Chancery in 1985.

The firm attorney who will principally participate in this matter is Norman M. Monhait.

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 28th day of March, 2005, I caused a copy of the **Declaration Of Aaron L. Brody  In Support Of The Motion Of The Foster Group For Appointment As Lead Plaintiff And Approval Of Selection Of Lead Counsel** to be served on all listed counsel on attached service list by Federal Express, except as indicated:

*Counsel for Plaintiffs:*
Jules Brody
Aaron Brody
Tzivia Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

H. Adam Prussin
POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, NY 10017

Seth D. Rigrodsky  (#3147) **(By Hand Delivery)**; email srigrodsky@milbergweiss.com
MILBERG WEISS BERSHAD & SCHULMAN LLP
919 Market Street, Suite 411
Wilmington, DE 19801

Theodore M. Hess-Mahan
Thomas G. Shapiro
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02108

Howard Smith
SMITH & SMITH LLP
3070 Bristol Pike, Suite 112
Bensalem, PA 19020

Steven G. Schulman
Peter Edward Seidman
Andrei V. Rado
MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Wayne T. Boulton
Nancy A. Kulesa
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street
Hartford, CT 06103

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN, P.A.
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD 21202

Samuel H. Rudman
David A. Rosenfeld
LERACH, COUGHLIN, STOIA, GELLER, RUDMAN & ROBBINS, LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747

Douglas Brooks
David Pastor
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

**Defendants:**     **(By First Class Mail)**

AstraZeneca, PLC
Tom McKillop
Jonathan Symonds
Haken Mogren
Percy Barnevik
AstraZeneca Pharmaceuticals LP (U.S. Headquarters)
P.O. Box 15437
Wilmington, DE 19850

Norman M. Monhait (#1040)
ROSENTHAL MONHAIT GROSS
& GODDESS, P.A.
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1040
Wilmington, Delaware  19899-1070
(302) 656-4433
Email:  nmonhait@rmgglaw.com

**Proposed Liaison Counsel
For Plaintiffs and the Class**