IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARTIN MARCUS, Individually and On )
Behalf of All Others Similarly Situated, )
                                                  )
                      Plaintiff, )
                                                  )
vs.                                            )    Civil Action No. 05-81-GMS
                                                  )
ASTRAZENECA PLC, et al.,       )    <u>CLASS ACTION</u>
                                                  )
                    Defendants. )
                                                  )
                                                  )

THE STATE UNIVERSITIES RETIREMENT SYSTEM OF ILLINOIS'
CONSOLIDATED OPPOSITION TO THE COMPETING MOTIONS
FOR APPOINTMENT AS LEAD PLAINTIFF

BOUCHARD MARGULES &
   FRIEDLANDER, P.A.
Joel Friedlander (No. 3163)
   [jfriedlander@bmf-law.com]
Karen L. Pascale (No. 2903)
   [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel: 302-573-3500
Fax: 302-573-3501

*Attorneys for Movant, State Universities
Retirement System of Illinois
(Proposed Liaison Counsel)*

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
William S. Lerach
Laura M. Andracchio
Udoka Nwanna
401 B Street, Suite 1600
San Diego, CA 92101
Tel: 619-231-1058
Fax: 619-231-7423

*Attorneys for Movant, State Universities
Retirement System of Illinois
(Proposed Lead Counsel for Plaintiffs)*

I.   **INTRODUCTION AND OVERVIEW**

Pending before the Court are three motions for appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for this securities class action against AstraZeneca PLC ("AstraZeneca"). In addition to the motion filed by the State Universities Retirement System of Illinois ("Illinois SURS"), competing motions were filed by: (1) the Foster Group; and (2) the Lang Group.

The PSLRA instructs courts to appoint as lead plaintiff the investor with the "largest financial interest" in the relief sought by the class and that otherwise satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23"). *See In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The Third Circuit has reasoned that "this determination will be relatively easy." *Cendant*, 264 F.3d at 262. And so it is here.

Illinois SURS should be appointed Lead Plaintiff because, with a loss of over *$1.2 million*, it has the largest financial stake in this litigation and, as the sole institutional investor before the Court, also satisfies the requirements of Rule 23. *Id.* at 268 (reasoning that institutional investors will "more often than not" satisfy the requirements of Rule 23). By contrast, neither the seven-member Foster Group (with a loss of $9,800) nor the Lang Group (with a loss of $11,400) should be appointed lead plaintiff because the size of their respective losses – under any calculation – are far less than Illinois SURS'. *See Cavanaugh*, 306 F.3d at 732 ("[t]he court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical").

Finally, Illinois SURS' selection of lead counsel should be approved because Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") is one of the foremost

securities class action firms in the United States and, accordingly, it will fairly and adequately represent the interests of the class. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002) (appointing Williams S. Lerach as sole lead counsel and finding that the submissions of Lerach Coughlin's lawyers "stand out in the breadth and depth of its research and insight").

## II.  ARGUMENT

### A.  The PSLRA's Lead Plaintiff Procedure

The PSLRA provides that in securities class actions, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining who is the most adequate plaintiff, the PSLRA provides that: "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title [15 U.S.C. §§78a, *et seq.*] is the person or group of persons that . . . in the determination of the court, has the *largest financial interest* in the relief sought by the class; and otherwise *satisfies the requirements of Rule 23* of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see Cavanaugh*, 306 F.3d at 732 ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status").

The PSLRA's rebuttable presumption may be rebutted only by *proof* that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

B.  **Illinois SURS Is the "Most Adequate Plaintiff"**

   1.  **Illinois SURS Has the Largest Financial Interest in the Relief Sought in this Case**

The papers filed with this Court reveal that Illinois SURS has by far the largest financial interest in the outcome of this litigation:

| PROPOSED LEAD PLAINTIFF | APPROXIMATE LOSS |
| --- | --- |
| (1) Illinois SURS | $1.2 million |
| (2) Lang Group | $11k |
| (3) Foster Group | $9k |

See *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. 2002) ("The *most* important factor in determining the lead plaintiff is the amount of financial interest claimed.").

   2.  **Illinois SURS Satisfies Rule 23**

As indicated by its pleadings and certification, Illinois SURS also satisfies Rule 23's typicality and adequacy requirements. *See* Memorandum of Law in Support of the State Universities Retirement System of Illinois' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel (D.I. 6) at 5-6. For purposes of being appointed lead plaintiff, a presumptive lead plaintiff need only make a *prima facie* showing that it can satisfy the *typicality* and *adequacy* requirements of Rule 23. *See Cendant*, 264 F.3d at 264 ("the court's initial inquiry should be confined to determining whether such movants have stated a *prima facie* case of typicality and adequacy"). Here, Illinois SURS' claims are typical of the class because it can and will allege that defendants violated the 1934 Act by publicly disseminating false and misleading statements. *Id.* ("institutional investors ... with large losses will, more often than not, satisfy the typicality and adequacy requirements [of Rule 23]").

Illinois SURS is also adequate because it and its chosen counsel are qualified and competent, and its interests are not antagonistic to those of the class. Lerach Coughlin is a

140-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Lerach Coughlin includes numerous trial attorneys, including many former federal and state prosecutors, and utilizes an extensive group of in-house financial and accounting experts to aid in the prosecution of complex securities cases such as the one now pending against AstraZeneca.

### C.     The Foster Group Is Not the Most Adequate Plaintiff[1]

Even with an *aggregated* loss of $9,800, the Foster Group is clearly not the most adequate plaintiff to lead this litigation. Indeed, under the Third Circuit's *Cendant* decision, the Foster Group's (*seven* member) composition *alone* precludes it from being appointed in this case. *See Cendant*, 264 F.3d at 267 ("We do, however, agree with the Securities and Exchange Commission that courts should generally presume that ***groups with more than five members are too large to work effectively***."). Possibly realizing their clients' *statutory* inability to be appointed lead plaintiff, the Foster Group's lawyers may nevertheless attempt to advance self-interested arguments seeking to be appointed *co*-lead *counsel*. This Court should reject any such effort to do so. *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998) ("[t]he potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel").

---

[1]     The Lang Group's counsel has informed counsel for Illinois SURS that it does not intend to oppose Illinois SURS' lead plaintiff motion.

## III. CONCLUSION

For all the reasons stated herein, Illinois SURS' motion for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel should be granted and all other motions should be denied.

Dated: April 11, 2005    /s/ Joel Friedlander
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Joel Friedlander (#3163) [jfriedlander@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500

*Attorneys for Movant, State Universities*
*Retirement System of Illinois*
*(Proposed Liaison Counsel)*

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
William S. Lerach
Laura M. Andracchio
Udoka Nwanna
401 B Street, Suite 1600
San Diego, CA 92101
Tel: 619-231-1058
Fax: 619-231-7423

*Attorneys for Movant, State Universities*
*Retirement System of Illinois*
*(Proposed Lead Counsel for Plaintiffs)*

## CERTIFICATE OF SERVICE

I, Joel Friedlander, hereby certify that on April 11, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing document – *State Universities Retirement System of Illinois' Consolidated Opposition to the Competing Motions for Appointment as Lead Plaintiff*– with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Seth D. Rigrodsky
> MILBERG WEISS BERSHAD & SCHULMAN LLP
> 919 North Market Street, Suite 411
> Wilmington, DE 19801
> Tel: (302) 984-0597
> [srigrodsky@milbergweiss.com]
>
> Norman M. Monhait
> ROSENTHAL MONHAIT GROSS & GODDESS, P.A.
> 919 Market Street, Suite 1401
> Citizens Bank Center
> Wilmington, DE 19801
> Tel: (302) 656-4433
> [nmonhait@rmgglaw.com]

I further certify that on April 11, 2005, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that I caused a copy to be served on the following non-registered participants on the date and in the manner indicated:

<u>*By Mail on April 11, 2005*</u>

| | |
|---|---|
| Michael P. Carroll | Nadeem Faruqi |
| Joel M. Cohen | FARUQI & FARUQI, LLP |
| Patrick J. Murray | 320 East 39th Street, 3rd Floor |
| DAVIS POLK & WARDWELL | New York, NY 10016 |
| 450 Lexington Avenue | Tel: 212-983-9330 |
| New York, NY 10017 | Fax: 212-983-9331 |
| Tel: 212-450-4000 | |
| Fax: 212-450-3800 | Steven G. Schulman |
| | Peter E. Seidman |
| John D. Donovan, Jr. | Sharon M. Lee |
| Gabriel D. O'Malley | MILBERG WEISS BERSHAD & SCHULMAN LLP |
| ROPES & GRAY LLP | One Pennsylvania Plaza |
| One International Place | New York, NY 10119 |
| Boston, MA 02110-2624 | Tel: 212-594-5300 |
| Tel: 617-951-7000 | Fax: 212-868-1229 |
| Fax: 617-951-7050 | |

Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

                                                   /s/ Joel Friedlander
                                 BOUCHARD MARGULES & FRIEDLANDER, P.A.
                                 Joel Friedlander (#3163) [jfriedlander@bmf-law.com]
                                 Karen L. Pascale (#2903) [kpascale@bmf-law.com]
                                 222 Delaware Avenue, Suite 1400
                                 Wilmington, DE 19801
                                 (302) 573-3500
                                     *Attorneys for Movant,*
                                     *State Universities Retirement System of Illinois*