IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
MARTIN MARCUS, Individually and on :
Behalf of All Others Similarly Situated, :
:
Plaintiff, :
:
v. : Civil Action No. 05-081 (GMS)
:
ASTRAZENECA, PLC, TOM MCKILLOP, :
JONATHAN SYMONDS, HAKEN MOGREN, :
and PERCY BARNEVIK, :
:
Defendants. :
---------------------------------------------------------------x

**REPLY BRIEF IN FURTHER SUPPORT OF THE FOSTER
GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD COUNSEL**

ROSENTHAL MONHAIT GROSS
& GODDESS, P.A.
Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, Delaware 19899
(302) 656-4433

Proposed Liaison Counsel
For Plaintiffs and the Class

OF COUNSEL:

Jules Brody
Aaron Brody
STULL STULL & BRODY
6 East 45th Street
New York, NY 10017
(212) 687-7230

April 18, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................. 1

PROCEDURAL BACKGROUND ........................................................................................ 1

ARGUMENT ......................................................................................................................... 2

    A.    The Foster Group May Be Appointed Co-Lead Plaintiff ........................................ 2

    B.    Appointment of Co-Lead Plaintiffs and
            Co-Lead Counsel is Beneficial to the Class ............................................................ 3

CONCLUSION ...................................................................................................................... 4

## TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*In re Advanced Tissue Sci. Sec. Litig*, 184 F.R.D. 346 (S.D. Cal. 1998) .......................................... 2

*In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372 (E.D. Va. April 21, 2003) .................. 3

*In re Cendant Corp. Litig*, 264 F.3d 201 (3d Cir. 2001) ................................................................ 2

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398 (D. Minn. 1998) .................................................. 2

*In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472 (D.N.J. Apr. 19, 2001) ........................ 3

*Malasky v. IAC/InteractiveCorp.*, 2004 U.S. Dist. LEXIS 25832 ................................................... 3

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. July 15, 1998) .................. 4

*Tyler v. AstraZeneca PLC*, 05 CV 10167 (NMG) (D. Mass. Jan. 27, 2005) ................................. 1

## INTRODUCTION

Movants Robert W. Foster, Roy E. Humphrey, Bruce Elliott, Roberta R. Wiktorin, Robert Glen Reinhart, Ray Washam Jr., and Danny Richards (the "Foster Group" or "Movants") hereby respectfully submit this reply memorandum of law in further support of their motion for: (i) appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and (ii) approval of Movants' selection of Lead Counsel.

## PROCEDURAL BACKGROUND

On or about January 27, 2005, the plaintiff in the Tyler action[1] filed a complaint on behalf of a class consisting of all persons and entities who purchased AstraZeneca ADRs at artificially inflated prices during the proposed Class Period. On January 27, 2005, notice was published over Business Wire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff within the requisite period from the date of publication of the notice. See Declaration of Aaron L. Brody, March 28, 2005., Ex. A.

On April 11, 2005, the Foster Group filed a brief in further support of their motion for lead plaintiff appointment and approval of their selection of lead counsel. The Foster Group now responds to the State Universities Retirement System of Illinois' ("Illinois") consolidated opposition to the competing motions for appointment as lead plaintiff filed on April 11, 2005.

---

[1] Tyler v. AstraZeneca PLC, 05 CV 10167 (NMG) (D. Mass. Jan. 27, 2005). Claims against AstraZeneca are pending in three jurisdictions. The Tyler case was filed in Massachusetts. Jaroslawicz v. AstraZeneca, 05 CV 2688 (S.D.N.Y. March 8, 2005) and Elliot v. AstraZeneca, 05 CV 2969 (S.D.N.Y. March 18, 2005) were filed in the Southern District of New York. Marcus v. AstraZeneca, 05 CV 81 (D. Del. Feb. 14, 2005) was filed in Delaware.

1

## ARGUMENT

### A. The Foster Group May Be Appointed Co-Lead Plaintiff

In their opposition brief Illinois cites Cendant as precluding groups of more than five members from serving as lead plaintiff. See The State Universities Retirement System of Illinois' Consolidated Opposition to the Competing Motions for Appointment as Lead Plaintiff, p. 4, citing In re Cendant Corp. Litig., 264 F.3d 201, 267 (3d Cir. 2001). However, the Court in Cendant specifically noted that "[l]ike many of the district courts that have considered this question, *we do not establish a hard-and-fast rule; instead, we note only that a kind of 'rule of reason prevails.'*" Cendant, 264 F.3d at 267 (emphasis added), (citing In re Advanced Tissue Sci. Sec. Litig., 184 F.R.D. 346, 352 (S.D. Cal. 1998); Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 409 (D. Minn. 1998)).

The prevailing "rule of reason" in Advanced Tissue led the Court to find that the appointment of a group of over 250 lead plaintiffs would make administration of the action too complex, but that an alternately proposed group of six lead plaintiffs was appropriate. Advanced Tissue, 184 F.R.D. at 352-53. The Court in Chill found that while the "rule of reason" should prevent the appointment of a lead plaintiff group numbering nearly 300, a group of 20 lead plaintiffs was acceptable. Chill, 181 F.R.D. at 408-09, 415-16.

The opinion in Cendant, as well as the opinions in the cases upon which it relied in establishing its "rule of reason" in determining the upward limit of lead plaintiff group sizes, shows that there is no strict limit of five plaintiffs in a lead plaintiff group. Even so, should this Court find it in the best interests of the Class to appoint a smaller group as lead plaintiff, the members of the Foster Group have expressed their willingness to be appointed individually should the Court deem it appropriate. See Foster Group memorandum filed April 11, 2005 at p.

2

1 n.2. The most important concern of the Foster Group is that the individuals in the Class have their interests represented by individuals in the lead plaintiff group, however large or small that group may be.

### B. Appointment of Co-Lead Plaintiffs and Co-Lead Counsel is Beneficial to the Class

Appointing the Foster Group as co-lead plaintiffs and their selection of counsel as co-lead counsel would provide the Class with the best possible representation and protect the interests of both the individual and institutional shareholders. See In re Lucent Techs., Inc. Sec. Litig., 221 F. Supp. 2d 472, 488 (D.N.J. Apr. 19, 2001) (finding in appointing a co-lead plaintiff that "additional representation may benefit the class and provide flexibility, if needed, in the future."); In re Cable & Wireless, PLC, Sec. Litig., 217 F.R.D. 372, 379 (E.D. Va. April 21, 2003) ("The Court finds that appointing both an institutional and an individual investor to serve as co-lead plaintiffs will ensure that all class members will be adequately represented in this action.").

Furthermore, as the State Universities Retirement System of Illinois is moving for appointment as the sole lead plaintiff in this matter, if the defendants find any unique defense against the State Universities Retirement System of Illinois or if the State Universities Retirement System of Illinois is otherwise unable to effectively lead this class action, the class action and the interests of the Class will be jeopardized. Appointing the Foster Group as co-lead plaintiffs will protect the Class from this possibility. "[T]his structure provides flexibility and stability to the class if presented with the situation that either co-lead plaintiff fails to address certain interests within the class, drops out of the action or compromises the class in some fashion." Malasky v. IAC/InteractiveCorp, 2004 U.S. Dist. LEXIS 25832, at *14 (S.D.N.Y. Dec. 21, 2004). As the Court noted in Oxford:

3

You see, if I have only one representative, then once the client gets disenchanted with the ongoing costs, the impetus for settlement is greater than it usually is in these cases, and the court in a way, will be adversely affected, because our case law tells us that we have to respect the opinion advanced by proponent's counsel in settlement. If I have two to three representatives, or even more, I don't face that risk at all, because if they all did agree, then the court can have real confidence that we are not being affected by any possible differences in aims or viewpoints.

In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 46 (S.D.N.Y. July 15, 1998) quoting Transcript of June 11, 1998 hearing p. 19-21.

## CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (i) appoint Movants as Co-Lead Plaintiff and (ii) approve Movants' selection of Co-Lead Counsel as set forth herein.

Dated: April 18, 2005

                            **ROSENTHAL, MONHAIT,
GROSS & GODDESS, P.A.**

                          By: /s/ Norman M. Monhait
Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899
(302) 656-4433

**Proposed Liaison Counsel
For Plaintiffs and the Class**

OF COUNSEL:

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, NY 10017
(212) 687-7230

**Proposed Lead Counsel For
Plaintiffs and The Class**

## CERTIFICATE OF SERVICE

I, **Norman M. Monhait**, hereby certify that on this 18th day of April, 2005, a true and correct copy of the **Reply Brief In Further Support Of The Foster Group's Motion For Appointment As Lead Plaintiff And Approval Of Selection Of Lead Counsel** was served on all listed counsel on the attached service list by First Class Mail, except as indicated.

*Counsel for Plaintiffs:*

Jules Brody
Aaron Brody
Tzivia Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

H. Adam Prussin
POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, NY 10017

Seth D. Rigrodsky (#3147) **(By Hand Delivery)**; email srigrodsky@milbergweiss.com
MILBERG WEISS BERSHAD & SCHULMAN LLP
919 North Market Street
Suite 411
Wilmington, DE 19801

Theodore M. Hess-Mahan
Thomas G. Shapiro
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02108

Howard Smith
SMITH & SMITH LLP
3070 Bristol Pike, Suite 112
Bensalem, PA 19020

Steven G. Schulman
Peter Edward Seidman
Andrei V. Rado
MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Wayne T. Boulton
Nancy A. Kulesa
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street
Hartford, CT, 06103

Samuel Howard Rudman
David A. Rosenfeld
LERACH, COUGHLIN, STOIA, GELLER, RUDMAN & ROBBINS, LLP
200 Broadhollow Road, Ste 406
Melville, NY 11747

Douglas Brooks
David Pastor
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway
Suite 500
Saugus, MA 01906

***Defendants:***

AstraZeneca, PLC
Tom McKillop
Jonathan Symonds
Haken Mogren
Percy Barnevik
AstraZeneca Pharmaceuticals LP (U.S. Headquarters)
P.O. Box 15437
Wilmington, DE 19850

/s/ Norman M. Monhait
Norman M. Monhait (DSBA No. 1040)
ROSENTHAL, MONHAIT, GROSS
 & GODDESS, P.A.
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
Email: nmonhait@rmgglaw.com

**Proposed Liaison Counsel
For Plaintiffs and the Class**