# EXHIBIT A

LEXSEE

STEVEN MALASKY, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. PAUL SCHUMAN, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. BEVERLY STEWART, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. JACK G. YOPP, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. ROBERT CORWIN, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. SANFORD BERMAN, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. RICHARD A. STRAUSS, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. TODD SIMON, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. JAMES S. SARNO, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. ALAN D. SADOWSKY, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. PAUL LEE ASSOCIATES, LLC, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants. DAVID MILLER, individually and on behalf of others similarly situated, Plaintiffs, - against - IAC/INTERACTIVECORP, BARRY DILLER, DARA KHORSOWSHAHI, JULIUS GENACHOWSKI, RICHARD N. BARTON and VICTOR A. KAUFMAN, Defendants.

04 Civ. 7447 (RJH), 04 Civ. 7505 (RJH), 04 Civ. 7718 (RJH), 04 Civ. 7742 (RJH), 04 Civ. 7843 (RJH), 04 Civ. 7899 (RJH), 04 Civ. 7909 (RJH), 04 Civ. 7946 (RJH), 04 Civ. 8142 (RJH), 04 Civ. 8172 (RJH), 04 Civ. 8599 (RJH), 04 Civ. 8802 (RJH)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2004 U.S. Dist. LEXIS 25832; Fed. Sec. L. Rep. (CCH) P93,059*

Page 2
2004 U.S. Dist. LEXIS 25832, *; Fed. Sec. L. Rep. (CCH) P93,059

December 20, 2004, Decided
December 21, 2004, Filed

**SUBSEQUENT HISTORY:** Reconsideration granted by, in part *Malasky v. IAC/InterActiveCorp, 2005 U.S. Dist. LEXIS 3628 (S.D.N.Y., Mar. 7, 2005)*

**DISPOSITION:** [*1] Plaintiffs' motions to consolidate cases, appoint lead plaintiff and appoint lead counsel granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In 12 actions, plaintiff investors filed securities fraud claims against defendants, a corporation and certain officers and directors, claiming they sustained losses arising from defendants' representations in press releases. Pending before the court were three motions by investor groups to consolidate and three motions to appoint lead plaintiff and lead counsel.

**OVERVIEW:** The court acknowledged that consolidation of the actions was appropriate under *Fed. R. Civ. P. 42(a)*, and under the guidelines set forth in *15 U.S.C.S. § 78u-4*(a)(1) of the Private Securities Litigation Reform Act (PSLRA). The court noted that all of the actions implicated similar or overlapping claims for violations of federal securities law based upon allegedly fraudulent press releases made by the corporation. Three groups of investors filed timely motions to be appointed as lead plaintiff. The court found that the most adequate plaintiff could best be accomplished by appointment of an individual and an institutional investor as co-lead plaintiffs. The individual had submitted the highest amount of actual losses, but the court addressed concerned about the individual's ability to meet the adequacy requirement of *Fed. R. Civ. P. 23*, because he was not an institutional investor. The court determined that the three proposed law firms were qualified, but that the needs of the class could be accomplished through the appointment of two law firms as co-lead counsel.

**OUTCOME:** The court consolidated the actions, appointed co-lead plaintiffs, and designated co-lead counsel.

**LexisNexis(R) Headnotes**

**COUNSEL:** For The Dempsey Group, Lead Plaintiff: Sharon Maine Lee, Milberg Weiss Bershad & Schulman LLP, New York, NY.

For Steven Malasky, on behalf of himself and all others similarly situated, Plaintiff: Darren J. Robbins, Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, CA; David Avi Rosenfeld, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, Melville, NY; Mary K. Blasy, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P., San Diego, CA; Samuel Howard Rudman, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, Melville, NY; William S. Lerach, Milberg, Weisss, Bershad, Hynes and Lerach, San Diego, CA.

For The Investor Group, Plaintiff: Frederick Taylor Isquith, Sr, Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY.

For Cement Masons and Plasterers Retirement Trust, Movant: Mario Alba, Jr, Cauley Geller Bowman & Rudman LLP, Melville, NY.

For Edward Fein, Movant: William Edward Bernarduci, Schatz and Nobel PC, Hartford, CT.

For The Gore Family, Movant: Catherine A. Torell, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., New York, NY.

**JUDGES:** Richard J. Holwell, United States District Judge.

**OPINIONBY:** Richard J. Holwell

**OPINION:** [*2]

### MEMORANDUM OPINION AND ORDER

Presently before the Court are twelve securities fraud actions brought against certain officers and directors of IAC/InteractiveCorp ("IAC") and IAC itself (collectively, "defendants") on behalf of a purported class of investors who claim to have sustained losses arising out of defendants' alleged misrepresentations in press releases circulated from March 19, 2003 until August 4, 2004. In the flurry of activity that ensued once publication of notice to prospective class members occurred, several parties filed and then withdrew motions to consolidate the actions, appoint themselves as lead

Case 1:05-cv-00081-GMS    Document 14-2    Filed 04/18/2005    Page 4 of 7

Page 3
2004 U.S. Dist. LEXIS 25832, *; Fed. Sec. L. Rep. (CCH) P93,059

plaintiff and designate their respective selections of representation as lead counsel pursuant to the procedures set forth by the Private Securities Litigation Reform Act, *15 U.S.C. § 78u-4(a)(3)(B)* ("PSLRA"). At this point, there remain three motions to consolidate filed by the Dempsey Group, the Gore Gamily and the Investor Group; and three motions to appoint lead plaintiff and lead counsel filed by the Dempsey Group, Edward Fein and the Investor Group.

For the reasons set forth below, the Court hereby consolidates the actions, appoints [*3] Fein and the Investor Group as co-lead plaintiffs, and designates Schatz & Nobel, P.C. and Wolf Haldenstein Adler Freeman & Herz LLP as co-lead counsel. The remaining motions are denied to the extent that they are inconsistent with this Opinion and Order.

**BACKGROUND**

The complaint in the first, above-captioned actions was filed by Steven Malasky on September 20, 2004. On that same day, Malasky's counsel, Lerach Coughlin Stoia Rudman & Robbins LLP, caused a notice to be published in *Business Wire* advising purchasers of IAC stock that (1) a class action against defendants had commenced in the Southern District of New York; (2) the class included all plaintiffs who had purchased IAC stock between March 19, 2003 and August 4, 2004; (3) the complaint asserted claims charging defendants with, *inter alia*, artificially inflating its stock price through alleged misrepresentations regarding the acquisitions of Expedia.com, Hotels.com and LendingTree.com; and (4) any class member wishing to serve as lead plaintiff or choose lead counsel was required to move the court within sixty days.

On November 19, 2004, the Investor Group, the Gore Family, the Dempsey Group and the Cement [*4] Masons and Plasterers Retirement Trust ("Cement Masons Trust") separately filed motions to consolidate these actions and appoint the respective parties as lead plaintiff and that party's choice of counsel as lead counsel. Fein also filed a motion to appoint himself as lead plaintiff and his counsel, Schatz & Nobel, P.C., as lead counsel. On December 7, 2004, defendants joined in movants' request to consolidate the actions.

On December 9, 2004, the Gore Family withdrew its motion to be appointed as lead plaintiff and approval of its selection of counsel, but did not withdraw its motion to consolidate the actions. On December 19, 2004, the Cement Masons Trust also withdrew its motion for consolidation, appointment as lead plaintiff and approval of its selection of lead counsel in light of communications with counsel for Fein. n1

n1 In its notice of withdrawal, Cement Masons Trust stated that "counsel for movant Edward Fein adequately demonstrated to Cement Masons Trust that its retention as counsel in this action was proper and not as the result of an improper solicitation." Cement Masons Trust further declared that "Edward Fein has sustained the greatest loss of any other movant, is otherwise adequate and typical, and accordingly, his motion should be granted."

[*5]

The remaining motions before the Court are (1) motions to consolidate the actions filed by the Dempsey Group, the Gore Family and Investor Group; and (2) motions to be appointed as lead plaintiff and for approval of lead counsel filed by the Dempsey Group, Fein and the Investor Group.

**DISCUSSION**

I. Consolidation of the Actions

The Dempsey Group, the Gore Family and the Investor Group have moved to consolidate the twelve securities actions pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure*. Defendants have joined these motions to consolidate. *Rule 42(a)* provides that a court may order all actions consolidated if they involve "common issues of law or fact." *Fed. R. Civ. P. 42(a)*. In determining the propriety of consolidation, district courts have "broad discretion" although they generally espouse the view that "considerations of judicial economy favor consolidation." *Ferrari v. Impath, Inc., 2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004)* (citations and quotations omitted). Moreover, consolidation is particularly appropriate in the context of securities class [*6] actions if the complaints are "based on the same 'public statements and reports'" and defendants will not be prejudiced. *Id., 2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053, at *2* (quoting *Mitchell v. Complete Mgmt., Inc., 1999 U.S. Dist. LEXIS 14460, 1999 WL 728678, at *1 (Sept. 17, 1999))*.

Each of the actions implicates similar or overlapping claims under *Section 10b-5, Section 10(a)* and *Section 20(a) of the Securities and Exchange Act of 1934*. Although some of the complaints identify the class period as commencing on July 19, 2001 while the others identify the commencement date as March 19, 2003, all of the complaints rest on the same fundamental allegations that defendants released fraudulent press releases regarding their acquisitions of Expedia.com, Hotels.com and LendingTree.com to artificially inflate IAC's stock value. See *In re Olsten Corp. Securities Litigation, 3 F. Supp. 2d 286, 292-93 (E.D.N.Y. 1998)*

Case 1:05-cv-00081-GMS   Document 14-2   Filed 04/18/2005   Page 5 of 7

2004 U.S. Dist. LEXIS 25832, *; Fed. Sec. L. Rep. (CCH) P93,059

Page 4

(consolidating cases despite slight differences in claims and alleged class periods). Accordingly, the actions involve "common issues of law and fact" and are hereby consolidated.

II. Appointment of Lead Plaintiff

*A. The Notice and Filing Requirements Under the PSLRA* [*7]

The Dempsey Group, Fein and the Investor Group have independently moved to be appointed as lead plaintiff. The PSLRA sets forth the procedures governing the appointment of lead plaintiff in "each action arising under the [Securities and Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *15 U.S.C. § 78u-4(a)(1)*. As an initial matter, the PSLRA requires the plaintiff in the initial action to cause a notice to be published in a national, business-oriented publication within 20 days of filing the complaint. *15 U.S.C. § 78u-4(a)(3)(A)(i)*. The notice must inform members of the purported class of (1) the details and pendency of the action; and (2) their right to seek appointment as lead plaintiff within 60 days after the date on which notice is published. *Id.* Within 90 days after the publication of such notice, a court shall consider any motion made by any class member, regardless of whether they are individually named as plaintiffs in any of the actions, and shall appoint the "most adequate plaintiff" as lead plaintiff. *15 U.S.C. § 78u-4(a)(3)(B)(i)*. [*8] Moreover, the PSLRA instructs courts to appoint lead plaintiff in a timely fashion after the consolidation decision has been rendered. See *15 U.S.C. § 78u-4(a)(3)(B)(ii)*; *The Constance Sczesny Trust v. KPMG LLP, et al., 223 F.R.D. 319, 322 (S.D.N.Y. 2004)*.

Steven Malasky filed the initial complaint in this series of actions and caused a notice to be published in *Business Wire* on September 20, 2004. That notice set forth the pendency of the action, the claims asserted therein, the purported class action period and the right of any class member to seek appointment as lead plaintiff. Accordingly, the notice satisfied the requirements of the PSLRA and triggered the sixty-day period in which class members could move to be appointed as lead plaintiff.

The Dempsey Group, Fein and the Investor Group subsequently filed motions to be appointed as lead plaintiff on November 19, 2004, thereby falling within the sixty-day period. Accordingly, all the parties have filed in a timely fashion and satisfied the procedural requirements of the PSLRA.

*B. The Most Adequate Plaintiff*

In 1995, Congress enacted the PSLRA to address perceived abuses [*9] in securities fraud class actions created by lawyer-driven litigation. *Ferrari, 2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053, at *3*; see H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ("H.R. Conf. Rep. No. 104-369"). The PSLRA sought to ensure that "parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel." *Ferrari, 2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053, at *3* (internal citations and quotations omitted). As such, Congress sought to encourage institutional investors and other class members with large amounts at stake to step forward as the ideal lead plaintiffs in private securities litigation. See H.R. Conf. Rep. No. 104-369.

The PSLRA thus provides that the most adequate plaintiff has (1) "the largest financial interest" in the relief sought by the class and (2) satisfies. the requirements set forth in *Rule 23 of the Federal Rules of Civil Procedure*. *15 U.S.C. § 78u-4(a)(3)(B)(iii)*. In light of the PSLRA's silence in prescribing a method [*10] for assessing a movant's financial interest, courts have examined several factors such as: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., 2004 U.S. Dist. LEXIS 9571, 2004 WL 1179311, at *7 (S.D.N.Y. May 27, 2004)* (quoting *Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997))*; *The Constance Sczesny Trust, 223 F.R.D. at 323*; *Ferrari, 2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053, at *4*.

All of the parties have submitted affidavits along with their moving papers in support of their respective claims that they have individually suffered the greatest financial loss. Based on his submissions, Fein appears to have suffered the largest financial loss in the amount of over $ 700,000. (Bernarduci Decl, Ex. A.) In comparison, the Investor Group claims to have sustained losses of $ 628,523.92 n2 while the Dempsey Group claims a loss of $ 37,864.17. (Patton Decl., Ex. B; Seidman Decl., Ex. D.)

---

n2 The Investor Group had originally claimed a loss of "no less than $ 339,148.28" in its motion to be appointed as lead plaintiff. However, the Investor Group then amended its motion to claim a loss of $ 628,523.92 in its subsequent briefs filed on December 8, 2004 and December 16, 2004. Although the PSLRA requires prospective lead plaintiffs to file within sixty days of the publication of class notice, it is

2004 U.S. Dist. LEXIS 25832, *; Fed. Sec. L. Rep. (CCH) P93,059

Page 5

silent on whether a court may accept amended motions filed after the sixty-day period. Because the Investor Group's original motion to be appointed as lead plaintiff was timely, the Court declines to strike its amended motion as untimely. *Schulman v. Lumenis, Ltd.*, 2003 U.S. Dist. LEXIS 10348, No. 02 Civ. 3627, 2003 WL 21415287, at *4 (S.D.N.Y. June 18, 2003).

[*11]

Fein must also satisfy the requirements articulated in *Rule 23*. *Rule 23* sets forth four prerequisites -- colloquially termed as numerosity, commonality, typicality and adequacy -- in evaluating the propriety of class certification, although only typicality and adequacy are relevant to the selection of lead plaintiff. *The Constance Sczesny Trust, 223 F.R.D. at 323-24*. Fein's typicality is easily met here as his "claim arises from the same course of events" and "each class member makes similar legal arguments to prove the defendants' liability" even if there are minor variations in the factual allegations. *Id. at 324* (internal citations and quotations omitted). Fein, like the other purported class members in this action, has asserted that he purchased IAC stock during the class period and was injured by false and misleading representations made by defendants in violation of the Securities and Exchange Act.

However, the Court expresses some concern as to whether Fein can satisfy the adequacy component of *Rule 23* in the sense that he "will fairly and adequately protect the interests of the class." *Fed. R. Civ. P. 23(a)* [*12] . In evaluating adequacy, courts have assessed factors such as: (1) the size, available resources and experience of the proposed lead plaintiff, *Pirelli Armstrong Tire Corp., 2004 U.S. Dist. LEXIS 9571, 2004 WL 1179311, at *20* (citing cases); (2) the qualifications of the proposed class counsel, *The Constance Sczesny Trust, 223 F.R.D. at 324* (citing *In re Deutsche Telekom Ag Securities Litigation, 229 F. Supp. 2d 277, 282 (S.D.N.Y. 2002)*); and (3) any potential conflicts or antagonisms rising among purported class members. *In re Deutsche Telekom Ag Securities Litigation, 229 F. Supp. 2d at 282* (citations omitted).

Although Fein indicated in his certification that he is willing to assume the responsibilities of lead plaintiff and class representation, he is not an institutional investor. See *Pirelli Armstrong Tire Corp., 2004 U.S. Dist. LEXIS 9571, 2004 WL 1179311, at *22* (remarking that some courts have interpreted the PSLRA to favor heavily institutional investors); *In re Cable & Wireless, PLC Securities Litigation, 217 F.R.D. 372, 376 (E.D. Va. 2003)* ("the purpose of the PSLRA's selection-of-lead-plaintiff provision was to get institutional [*13] investors involved in the prosecution of securities class action suits"). In order to address this concern, the Court designates both Fein and the Investor Group, which includes institutional investor New Hayward Holdings, Ltd., n3 as co-lead plaintiffs in the belief that together, they can ensure adequate representation to the prospective class. *Pirelli Armstrong Tire Corp., 2004 U.S. Dist. LEXIS 9571, 2004 WL 1179311, at *22* (noting that a co-lead plaintiff structure will "help to ensure that adequate resources and experience are available to the prospective class in the prosecution" of the class action); *In re Cable & Wireless, PLC Securities Litigation, 217 F.R.D. at 376* (exercising discretion in appointing an institutional investor as co-lead plaintiff with individual investor to ensure adequate representation); *Laborers Local 1298 Pension Fund v. Campbell Soup Co., 2000 U.S. Dist. LEXIS 5481, No. 00 Civ. 152, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000)* (appointing three separate movants as co-lead plaintiffs and anticipating that each party would bring a "unique perspective" to the litigation); *Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1071 (C. D. Cal. 1999)* [*14] (appointing an individual investor and an institutional investor as co-lead plaintiff to serve a broad range of interests), *In re Oxford Health Plans, Inc. Securities Litigation, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)* (commenting that the PSLRA "expressly contemplates the appointment of more than one plaintiff" regardless of whether the groups move jointly or independently). As co-lead plaintiffs, Fein and the Investor Group will not only pool financial resources, knowledge and experiences, but may also reap the "benefits of joint decision-making" when pressed with difficult choices that may arise in such large litigation matters. *Pirelli Armstrong Tire Corp., 2004 U.S. Dist. LEXIS 9571, 2004 WL 1179311, at *22* (quoting *In re Oxford Health Plans, Inc. Securities Litigation, 182 F.R.D. at 45*). Moreover, this structure provides flexibility and stability to the class if presented with the situation that either co-lead plaintiff fails to address certain interests within the class, drops out of the action or compromises the class in some fashion. *In re Oxford Plans, 182 F.R.D. at 49* (remarking that when a lead plaintiff, as fiduciary for the class, drops [*15] out, the settlement prospects grow adversely dim for the remaining class members).

- - - - - - - - - - - - - - - - - -

n3 The Court finds that the Investor Group has otherwise satisfied the typicality requirements of *Rule 23* such that it alleges, as do the other class members, that its losses stemmed from defendants' alleged misrepresentations in violation of federal securities law.

- - - - - - - - - - - - - - - - - -

The Court is aware that disagreements may arise throughout this action, and as such, reserves the right to

Case 1:05-cv-00081-GMS    Document 14-2    Filed 04/18/2005    Page 7 of 7

2004 U.S. Dist. LEXIS 25832, *; Fed. Sec. L. Rep. (CCH) P93,059

Page 6

modify this co-lead plaintiff structure in the event that litigation is stalled, expenses become unnecessarily duplicative or wasteful, or the structure becomes otherwise unmanageable. In the meantime, the action shall proceed with Fein and the Investor Group as co-lead plaintiffs.

III. Appointment of Lead Counsel

Fein and the Investor Group have further moved to designate their selected law firms as lead counsel. Specifically, Fein seeks to appoint Schatz & Novel, P.C., as lead counsel, while the Investor Group seeks to appoint Wolf Haldenstein Adler [*16] Freeman & Herz LLP and Murray, Frank & Sailer LLP as co-lead counsel.

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." *15 U.S.C. § 78u-4(a)(3)(B)(v)*. The resumes submitted by Fein and the Investor Group indicate that each of the law firms has served as lead counsel in several securities fraud class actions. While all three are undoubtedly qualified to handle this action, there is some risk that three law firms may compromise the class through disagreement and/or duplicative or unnecessary legal fees. See *In re Crayfish Co. Sec. Litig.*, *2002 U.S. Dist. LEXIS 10134, No. 00 Civ. 6766, 2002 WL 1268013, at *6 (S.D.N.Y. June 6, 2002)*; *Yousefi, 70 F. Supp. 2d at 1072* (appointing one law firm, rather than three, as lead counsel to avoid "triplicate" decisionmaking); *Friedman v. Rayovac, 219 F.R.D. 603, 605-6 (W.D. Wisc. 2002)* (expressing skepticism at lead plaintiff's request to appoint more than one lead counsel). In particular, the Investor Group proffers no specific reason as to why retention of both Wolf Haldenstein Adler Freeman & Herz LLP and Murray, [*17] Frank & Sailer LLP is necessary to represent the class or litigate this action. After reviewing the parties' submissions, the Court deems Wolf Aldenstein Adler Freeman & Herz LLP as the more appropriate choice in serving as co-lead counsel alongside Schatz & Nobel, P.C.

IV. Conclusion

The Court consolidates the twelve cases referenced in the above captions, appoints Fein and the Investor Group as co-lead plaintiffs and designates Schatz & Nobel and Wolf Haldenstein Adler Freeman & Herz LLP as co-lead counsel.

SO ORDERED

Dated: New York, New York

December 20, 2004

Richard J. Holwell

United States District Judge