IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARTIN MARCUS, Individually and On )
Behalf of All Others Similarly Situated, )
                                  Plaintiff, )
                                 ) Civil Action No. 05-81-GMS
vs. )
                                 ) <u>CLASS ACTION</u>
ASTRAZENECA PLC, et al., )
                            Defendants. )

ILLINOIS SURS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
ITS SELECTION OF LEAD COUNSEL

| | |
|---|---|
| BOUCHARD MARGULES &<br>  FRIEDLANDER, P.A.<br>Joel Friedlander (No. 3163)<br>  [jfriedlander@bmf-law.com]<br>Karen L. Pascale (No. 2903)<br>  [kpascale@bmf-law.com]<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801<br>Tel: 302-573-3500<br>Fax: 302-573-3501<br><br>*Attorneys for Movant, State Universities*<br>*Retirement System of Illinois*<br>*(Proposed Liaison Counsel)* | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>William S. Lerach<br>Laura M. Andracchio<br>Udoka Nwanna<br>401 B Street, Suite 1600<br>San Diego, CA 92101<br>Tel: 619-231-1058<br>Fax: 619-231-7423<br><br>*Attorneys for Movant, State Universities*<br>*Retirement System of Illinois*<br>*(Proposed Lead Counsel for Plaintiffs)* |

Dated: April 18, 2005

Illinois SURS respectfully submits this Reply Memorandum of Law in Further Support of its Motion for Appointment as Lead Plaintiff and its Selection of Lead Counsel.

## I. ARGUMENT

Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA") to encourage courts to appoint as lead plaintiffs shareholders, preferably institutional investors, with (1) large financial stakes in the outcome of the litigation, and which (2) possessed the requisite resources and sophistication to manage and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 261 (3d Cir. 2001) (PSLRA's lead plaintiff provision were enacted to "ensure that institutional investors," like Illinois SURS, would move for, and ultimately serve as, lead plaintiffs); *Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *10 (S.D.N.Y. June 17, 2003) (holding that institutional investors are in the best position to prosecute securities fraud claims and to negotiate with and supervise counsel).

Indeed, as enacted, the text of the PSLRA reflects these twin aims – in determining which class member is "the most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person that has (1) the largest financial interest in the relief sought by the class, that (2) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (finding that the PSLRA's lead plaintiff provisions are "neither overly complex nor ambiguous").

Here, Illinois SURS should be appointed *sole* lead plaintiff because no other movant has raised any opposition to the statutory presumption in Illinois SURS' favor. *See* 15 U.S.C. §78u-4(a)(3)(B). Indeed, they cannot – with a loss of $1.2 million, Illinois SURS' financial interest is vastly larger than the Foster Group's $9,000 loss.

Nevertheless, in a self-interested attempt to have themselves appointed as co-lead counsel, the Foster Group's lawyers now ask the Court to appoint its cobbled-together seven members *alongside* Illinois SURS. **There is, however, simply no need for eight lead plaintiffs** and two separate sets of lead counsel in this case – particularly given the Foster Group's failure to provide any evidence that its seven members are even aware they have been proffered as proposed lead plaintiffs in this case. *See In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308 (S.D.N.Y. 2001) (refusing to appoint "'an artifice cobbled together by cooperating counsel'" as lead plaintiff); *Cendant*, 264 F.3d at 267 ("We . . . agree with the Securities and Exchange Commission that courts should generally presume that groups with *more than five* members are *too large* to work effectively.").

To have the court select the "most adequate" plaintiff and then foist upon it *seven* additional *co*-lead plaintiffs and additional sets of *co*-lead counsel would undermine both the text and purpose of the PSLRA. Courts have repeatedly rejected such efforts to graft one set of lead plaintiffs onto another and this Court should also reject the Foster Groups' counsels' effort to have themselves appointed unnecessarily in this case as well. *See, e.g., Reiger v. Altris Software, Inc.*, No. 98cv528J (JFS), 1998 U.S. Dist. LEXIS 14705, at *17-*18 (S.D. Cal. Sept. 14, 1998) (holding that the appointment of co-lead plaintiffs does not further the purposes of the PSLRA); *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (same).

In the authority cited by the Foster Group for this proposed and cumbersome structure, the appointment of co-lead counsel was made *sua sponte* – not at the request of counsel – to remedy *real* infirmities with the appointed lead plaintiff's adequacy and typicality. *See, e.g., In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (the plaintiff with the largest financial loss suffered from a potential conflict when

reasonable prospects for recovery would not exceed the costs); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-152 (JEI), 2000 U.S. Dist LEXIS 5481, at *10 (D.N.J. Apr. 24, 2000) (counsel representing the plaintiff with the largest financial stake was not "'large enough to handle [the] litigation solely with their own personnel'"). Here, neither Illinois SURS nor its chosen counsel suffers from *any* infirmities that would necessitate the appointment of co-lead plaintiffs/counsel.

Ultimately, with total losses of nearly $1.2 million, Illinois SURS should be appointed *sole* lead plaintiff because, quite simply, it has the largest financial interest in the relief sought by the class and it otherwise satisfies the requirements of Rule 23. *See Cendant*, 264 F.3d at 268 (holding that institutional investors with large losses generally satisfy the requirements of Rule 23).

## II.  CONCLUSION

For the foregoing reasons, Illinois SURS respectfully requests that its motion for appointment as lead plaintiff and approval of selection of lead counsel be approved and that all other motions be denied.

                                  /s/ Joel Friedlander
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Joel Friedlander (#3163) [jfriedlander@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500

*Attorneys for Movant, State Universities Retirement System of Illinois*
*(Proposed Liaison Counsel)*

- 4 -

          LERACH COUGHLIN STOIA GELLER
            RUDMAN & ROBBINS LLP
          William S. Lerach
          Laura M. Andracchio
          Udoka Nwanna
          401 B Street, Suite 1600
          San Diego, CA 92101
          Tel: 619-231-1058
          Fax: 619-231-7423

          *Attorneys for Movant, State Universities*
          *Retirement System of Illinois*
          *(Proposed Lead Counsel for Plaintiffs)*

Dated: April 18, 2005

# CERTIFICATE OF SERVICE

I, Joel Friedlander, hereby certify that on April 18, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing document –*Illinois SURS' Reply Memorandum of Law in Further Support of its Motion for Appointment as Lead Plaintiff and its Selection of Lead Counsel*– with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Seth D. Rigrodsky
> MILBERG WEISS BERSHAD & SCHULMAN LLP
> 919 North Market Street, Suite 411
> Wilmington, DE 19801
> Tel: (302) 984-0597
> [srigrodsky@milbergweiss.com]
>
> Norman M. Monhait
> ROSENTHAL MONHAIT GROSS & GODDESS, P.A.
> 919 Market Street, Suite 1401
> Citizens Bank Center
> Wilmington, DE 19801
> Tel: (302) 656-4433
> [nmonhait@rmgglaw.com]

I further certify that on April 18, 2005, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that I caused a copy to be served on the following non-registered participants on the date and in the manner indicated:

### *By Mail on April 19, 2005*

| | |
|---|---|
| Michael P. Carroll | Nadeem Faruqi |
| Joel M. Cohen | FARUQI & FARUQI, LLP |
| Patrick J. Murray | 320 East 39th Street, 3rd Floor |
| DAVIS POLK & WARDWELL | New York, NY 10016 |
| 450 Lexington Avenue | Tel: 212-983-9330 |
| New York, NY 10017 | Fax: 212-983-9331 |
| Tel: 212-450-4000 | |
| Fax: 212-450-3800 | Steven G. Schulman |
| | Peter E. Seidman |
| John D. Donovan, Jr. | Sharon M. Lee |
| Gabriel D. O'Malley | MILBERG WEISS BERSHAD & SCHULMAN LLP |
| ROPES & GRAY LLP | One Pennsylvania Plaza |
| One International Place | New York, NY 10119 |
| Boston, MA 02110-2624 | Tel: 212-594-5300 |
| Tel: 617-951-7000 | Fax: 212-868-1229 |
| Fax: 617-951-7050 | |

Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

                                                  /s/ Joel Friedlander
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Joel Friedlander (#3163) [jfriedlander@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
    *Attorneys for Movant,*
    *State Universities Retirement System of Illinois*